HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
EMILY J.M. GROENDYKE (No. 264102)
(E-Mail: Emily_Groendyke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
K. ELIZABETH DAHLSTROM (No. 228552)
(E-Mail: Elizabeth_Dahlstrom@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Petitioner
DENNIS MAYFIELD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DENNIS MAYFIELD, | **NO. CV 97-03742 FMO** |
| Petitioner, | DEATH-PENALTY CASE |
| v. | NOTICE OF SUPPLEMENTAL AUTHORITY |
| KELLY MITCHELL, Warden, California State Prison at San Quentin, | |
| Respondent. | |

Petitioner Dennis Mayfield hereby submits notice of recent authority from the Ninth Circuit Court of Appeals relevant to the resolution of Claim II of the First Amended Petition, that the prosecutor struck jurors based on their race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). On October 26, 2015, the Ninth Circuit published *Crittenden v. Chappell*, which affirmed a district court's grant of a *Batson* claim in a capital habeas case. *Crittenden*, No. 13-17327, 2015 WL 6445531 (Oct. 26, 2015).

Mayfield has argued that the California Supreme Court's application of the "strong likelihood" standard is contrary to the clearly established federal law of *Batson* as required by section 2254(d)(1) and that he is therefore entitled to de novo review of his claim. (Dkt. #272 at 77-79; Dkt. #280 at 11-12.) The Warden argues that Mayfield does not satisfy section 2254(d) because the state-court decision occurred before the Supreme Court clarified *Batson* in *Johnson v. United States*, 545 U.S. 162 (2005). (Dkt. #275 at 40.) The Warden suggests that *Batson* was not clearly established until that clarification. (Dkt. #275 at 40.) Alternatively, the Warden argues that the state court's application of *Batson* to require a "strong likelihood" showing was not an unreasonable application of federal law prior to *Johnson*'s clarification of that case. (Dkt. #275 at 41.)

*Crittenden* demonstrates that these arguments fail. In that case, as in this one, the California Supreme Court's denial of the petitioner's *Batson* claim occurred after the *Batson* decision, but before *Johnson*. *Crittendon*, 2015 WL 6445531 at *3. Still, the Ninth Circuit held that the application of the "strong likelihood" standard was contrary to *Batson*:

> At the time it decided this case, the California Supreme Court had erroneously concluded the "terms 'strong likelihood' and 'reasonable inference' state the same standard." Johnson, 545 U.S. at 166 . . . [T]he California Supreme Court relied on that erroneous conclusion when deciding Crittenden's appeal,

2

> conflating the two standards in its decision. . . . . As a result, the California Supreme Court's decision was contrary to clearly established federal law[.]

*Id.* at 8-9. Accordingly, the Ninth Circuit reviewed the claim "without the deference AEDPA otherwise requires." *Id.* (quoting *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)).

Likewise in this case, the California Supreme Court applied the wrong standard, rendering a decision contrary to clearly established federal law. Mayfield is therefore entitled to de novo review of his claim.[1]

Respectfully submitted,

HILARY POTASHNER<br>
Federal Public Defender

DATED: November 10, 2015     By  */s/ Emily J.M. Groendyke*

EMILY J.M. GROENDYKE<br>
K. ELIZABETH DAHLSTROM<br>
Deputy Federal Public Defenders

Attorneys for Petitioner<br>
DENNIS MAYFIELD

---

[1] The Warden previously asserted that Mayfield's claim is barred by *Teague v. Lane*, 489 U.S. 288 (1989) (Dkt. #170 at 6), but appears to have abandoned that position. (Dkt. #280 at 40 (citing *Boyd v. Newland*, 467 F.3d 1139, 1146 (9th Cir. 2006).) *Crittendon* reiterates the Ninth Circuit's rejection of that argument. *Crittendon*, 2015 WL 6445531 at *7 (citing *Boyd*, 467 F.3d 1136).